McFarland, J.,
delivered the opinion of the court.
Cothran was appointed administrator of the estate of Louisa Foulk, deceased, by the County Court of Shelby county. On the 8th of September, 1868, he presented to said court what purported to be a statement of his account, and asked that it be confirmed as his final settlement, alleging that the assets were collected and the debts all paid. Annexed to this, he appended a statement that the charges against him in said statement included $125 in gold, $12.13 in silver, and $846.94 in U. S. currency, which he had deposited in the Gayoso Savings Institution, and which was lost by the failure of that bank in February, 1868, and prays that he be allowed a credit for this sum.
Subsequently, on the 24th July, 1869, the County Court rendered a decree, confirming the settlement as *121 presented, but refusing to relieve the administrator from the amount lost by said bank, — being of the opinion that the loss should be borne by the administrator.
Thereupon, the administrator presented his petition to the Circuit Judge, and had the matter brought up to be reheard in the Circuit Court. In this petition he complains of the action of the County Court in trying the cause in his absence, and particularly that the ex parte affidavit of Louis Chapel was taken by the Judge of the County Court without notice, and this was the evidence upon which the cause was decided against him.
Upon the hearing in the Circuit Court, the Judge was of the same- opinion as the County Judge, and dismissed the eertlorari and supersedeas, from which the administrator has appealed.
In his behalf it is argued' — -1st, that the action of the Circuit and County courts should be reversed, and the cause remanded to the County Court to be proceeded with de novo, upon the ground that no notice of the proceeding was ever served upon the distribu-tees of the estate, and all the proceedings were void for that reason; that, although counsel appeared in their behalf, they are not bound by it, as it is alleged they are minors. And, 2d, if this be not so, that the decree of this court should relieve the administrator from the loss sustained by him.
The Code, sec. 2295, provides that after the lapse of two years the Clerk of the County Court shall take and state the administrator's accounts. By sec. *122 2298, no account shall be taken until the clerk taking the same has served the parties with notice, in the manner set forth in the section. Section 2301 is as follows: “ The clerk shall charge every such accounting party with all such sums of money as he has received, or might have received by using due and reasonable diligence, and shall credit him with a reasonable compensation for his services, and with such disbursements as he supports by lawful vouchers.” Subsequent sections provide for exceptions being filed to the report, and also that the court shall have the power to compel the administrator to pay into court the balance in his hands, and for appeal to the Circuit or Chancery Court.
We are of opinion that the entire proceeding is irregular, if not void absolutely.
The sections of the Code referred to, contemplate a statement of the administrator’s accounts to be made by the clerk of the court, after giving due .notice, as provided for. This makes it the duty of the clerk to make the statement, examine and pass upon the vouchers of the administrator, and file his report of the settlement. Before doing this, he must give the notice required.
In this case, it does not appear that any notice was given • and furthermore, the settlement presented does not purport to be a statement or report of the clerk, showing any settlement with him, — it seems to be an ex parte statement of the account made by the administrator himself. It is not signed by the clerk, nor is there anything showing it to be his report of *123 the settlement, unless it be the fact that it is sworn to before the clerk. The two years from the appointment of the administrator had not elapsed. The statement of the account presented to. the County Court is embodied in the form of a petition, and the object mainly was to be relieved from the payment of the money lost by the failure of the bank.
Conceding, for the argument, that the appearance of the distributees, by attorney, in the County Court might be sufficient in a cause in which the court was vested with jurisdiction, by the report of the clerk of a regular settlement made with an administrator— duly made and filed, — still we think this is not such a case. "We regard it, in substance, as a petition addressed to the County Court, asking to be relieved from the amount of money lost by the bank.
Aside from this, and assuming that this was a regular settlement with the administrator, and that all questions may be determined that properly arise in such a case, still we are not prepared to admit that the County Court had any jurisdiction to determine the question whether the administrator should be relieved from the loss of this money.
The language of the Code, before referred to, is that, in this settlement, “the clerk shall credit the administrator with a reasonable compensation for his services, and with such disbursements as he supports by lawful vouchers.” Beyond this no power is given, and none was certainly intended to be given.
The question involved as to the administrator’s liability, is one involving the good faith, duties and *124 liabilities of a trustee — questions of delicacy and great importance — and are peculiarly cognizable in a court of equity. And it may be gravely doubted whether such a question could arise upon the confirmation of the report of a settlement with the clerk of a county court. But be this as it may, we are of opinion that the question is not, in any event, presented by this record.
. If the court had jurisdiction, we see no facts in this record upon which we could relieve the administrator from the payment of the money. The facts upon which the questions depend, however, may not be fully developed.
The entire proceedings were coram non judice, and will be dismissed at the costs of the petitioner.